## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re* Application of BOOZ ALLEN HAMILTON INC., for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding,

*Petitioner*.

Misc. No._____

## MEMORANDUM OF LAW IN SUPPORT OF
## CONSENTED-TO APPLICATION OF BOOZ ALLEN HAMILTON
## INC. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO
## CONDUCT LIMITED DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Jyotin Hamid (jhamid@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Counsel to Petitioner*

## INTRODUCTION

This is an application by Booz Allen Hamilton Inc. ("BAH"), pursuant to 28 U.S.C. § 1782, for an Order authorizing BAH to obtain limited discovery from Respondent A.T. Kearney ("ATK") for use in proceedings pending in the United Arab Emirates ("UAE") in which BAH is the defendant, Case Nos. 659/2017, 660/2017, 682/2017, 683/2017, 684/2017, 685/2017. **Respondent ATK consents to the relief sought and limitations described below**.

Section 1782 authorizes a district court to order a party residing or found within the district to produce documents for use in a foreign proceeding. ATK is found within this district, and BAH seeks limited discovery from ATK narrowly tailored to address critical issues in the UAE proceedings.

The UAE proceedings involve an employment dispute between BAH and six former UAE employees (the "UAE Plaintiffs"). BAH terminated the employment of the UAE Plaintiffs after learning that they had engaged in a disloyal scheme to poach BAH clients and staff while they were still employed by BAH. Under the terms of BAH's equity incentive plan, previously granted equity awards are subject to forfeiture and disgorgement in the event of a termination based on misconduct or competitive activity of this nature. In an attempt to avoid such forfeiture and disgorgement, among other relief sought, the UAE Plaintiffs filed individual civil actions in the Abu Dhabi Labor Court challenging their terminations as arbitrary and denying that they engaged in competitive activity or misconduct.

To defend itself in the UAE proceedings, BAH needs to provide evidence

concerning the UAE Plaintiffs' competitive activities while they were still employed by

BAH.  Specifically, the evidence BAH seeks to obtain from ATK for use in the UAE

proceedings is limited to documents concerning communications with the UAE Plaintiffs

before their terminations.  The documents sought are not practically obtainable by BAH

under the procedures governing the UAE proceedings.  BAH therefore properly invokes

Section 1782 to obtain them.  As detailed herein, this application satisfies the statutory

pre-requisites for relief under Section 1782, and the four discretionary factors identified

by the U.S. Supreme Court for considering such applications all weigh in favor of

granting this application.

Respondent ATK consents to the initial production of communications

between ATK and the UAE Plaintiffs, to the extent such are in its possession or

control, only on condition that the Court enter the proposed Stipulation and

Protective Order executed by the parties that is attached to the Petition as Appendix

A.  If, for any reason, the Court declines to enter the proposed Stipulation and

Protective Order, or modifies it terms, ATK withdraws its consent to the relief sought

in the Petition and reserves the right to oppose the Petition in all respects.  By

consenting to the relief sough in the Petition, subject to these conditions, ATK does

not agree to, or concede, the accuracy or correctness of any factual statement,

contention or legal argument set forth in this Memorandum of Law or the

Declaration of Halima Al Marzouqi.

In addition, ATK has agreed to provide to BAH, pursuant to this application

and the proposed Stipulation and Protective Order, only its communications with the

UAE Plaintiffs. Following said production, the parties have agreed to confer in good faith about what, if any, additional production pursuant to this application they agree may be appropriate and to seek guidance from the Court only if necessary following exhaustion of such meet-and-confer efforts.

### FACTUAL BACKGROUND

The UAE Plaintiffs were employed by BAH in its Abu Dhabi office. BAH has received credible reports that, starting as early as late 2016 and culminating in a meeting on September 29, 2017, the UAE Plaintiffs have solicited several junior staff members to leave BAH and join the UAE Plaintiffs in defecting to a competitor, planning to take BAH's work with them. After investigating these reports and obtaining information that the competitor in question was ATK, BAH terminated the employment of the UAE Plaintiffs. *See* Declaration of Halima Al Marzouqi ("Marzouqi Decl."), at ¶ 3.

Prior to their terminations, each of the UAE Plaintiffs had been granted certain equity awards governed by the Second Amended and Restated Equity Incentive Plan of Booz Allen Hamilton Holding Corporation (the "EIP"). The EIP provides for forfeiture and disgorgement of certain previously granted equity awards where a recipient has been terminated for "competitive activity" and/or "misconduct" as defined in the EIP. Marzouqi Decl. Ex. 2, EIP, at §§ 11.4(c)&(d).

The UAE Plaintiffs have commenced individual actions against BAH in the Abu Dhabi Labor Court. In those proceedings, the UAE Plaintiffs challenge their terminations as arbitrary (i.e., wrongful), deny that they engaged in competitive activity or misconduct, and, among other relief sought, demand to retain previously-awarded

equity. Marzouqi Decl. ¶ 4. In order to show, among other things, that the UAE

Plaintiffs were not arbitrarily terminated and that previously-awarded equity is properly

subject to forfeiture and disgorgement under the terms of the EIP, BAH must provide

evidence concerning the UAE Plaintiffs' competitive activity while they were still BAH

employees.

## ARGUMENT

Section 1782(a) provides: "The district court of the district in which a person

resides or is found may order him to give his testimony or statement or to produce a

document or other thing for use in a proceeding in a foreign or international

tribunal…upon the application of any interested person." 28 U.S.C. § 1782. Designed to

establish reciprocity between U.S. and foreign courts, Section 1782 has "broad

applicability" where it might facilitate discovery for the benefit of foreign tribunals and

the litigants in their proceedings. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673

F.3d 76, 80 (2d Cir. 2012) (citing *In re Gianoli Aldunate*, 3 F.3d 54, 57 (2d Cir. 1993)).

In order to obtain discovery under Section 1782, an applicant must satisfy three

statutory prerequisites; if those are satisfied, the court will consider several discretionary

factors. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

Here, as detailed below, the statutory prerequisites are satisfied and the discretionary *Intel*

factors all weigh in favor of granting this application.

## I.     BAH Satisfies Section 1782's Three Statutory Prerequisites.

Discovery pursuant to 28 U.S.C. § 1782 has three statutory prerequisites. The

statute may be invoked where (1) the discovery is sought from persons found in the

district of the court to which the application is made; (2) the discovery is for use in a

proceeding before a foreign tribunal; and (3) the applicant is a foreign or international

tribunal or "any interested person." *See Esses v. Hanania (In re Esses)*, 101 F.3d 873,

875 (2d Cir. 1996). Here, all three requirements are satisfied.

*First*, ATK is found in this district. ATK maintains a corporate office at 7 Times

Square, New York, New York 10036, in which its General Counsel is located. Also, in a

prior action litigated in this Court, ATK submitted to jurisdiction here by filing an answer

and cross-claim. *See Cronin v. Zurich Am. Ins. Co.*, No. 00 Civ. 7599, 2001 WL

34766444 (S.D.N.Y. 2001) (ATK Answer and Cross-Claim filed May 22, 2001).

*Second*, BAH seeks discovery "for use" in a proceeding before a foreign tribunal

– the actions filed by the UAE Plaintiffs in the Abu Dhabi Labor Court. *See* Marzouqi

Decl. ¶¶4-5, Ex. 1.

*Third*, as a party to the UAE proceedings, BAH qualifies as an "interested

person" within the meaning of Section 1782. *See Intel Corp.*, 542 U.S. at 256 ("No doubt

litigants are included among, and may be the most common example of, the 'interested

person[s]' who may invoke 1782…"); *In re Mare Shipping Inc.*, 2013 U.S. Dist. LEXIS

152337, at *9 (S.D.N.Y. Oct. 22, 2013) (applicants who are defendants in a foreign

action "are thus interested parties under the statute").

## II.    The Discretionary Factors Weigh In Favor Of The Application.

Once the statutory requirements are met, "a district court may grant discovery

under § 1782 in its discretion." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015).

However, the court "must" exercise this discretion in accordance with Section 1782's

"twin aims": "providing efficient means of assistance to participants in international

litigation in our federal courts and encouraging foreign countries by example to provide

similar means of assistance to our courts." *Id*. (citing *Schmitz v. Bernstein Liebhard &*

*Lifshitz, LLP*, 376 F.3d 79, 83-94 (2d Cir. 2004)); *see also Metallgesellchaft v. Hodapp*

(*In re An Order Permitting Metallgesellschaft Ag to Take Discovery*), 121 F.3d 77, 79

(2d Cir. 1997) (holding that denying Section 1782 discovery for reasons "counter to the

statute's expressed purposes" constitutes an abuse of discretion).

The U.S. Supreme Court has identified four factors that "bear consideration" by

district courts in exercising their discretion to grant a Section 1782 discovery application:

(1) whether the person from whom discovery is sought is a party in the foreign

proceeding; (2) the nature of the foreign tribunal, the character of the foreign

proceedings, and the receptivity of the foreign tribunal to federal-court assistance; (3)

whether the request "conceals an attempt to circumvent foreign proof-gathering

restrictions or other policies of a foreign country of the United States;" and (4) whether

the request is unduly intrusive or burdensome. *Intel Corp.*, 542 U.S. at 264-65. In setting

out these factors as guidelines, the Supreme Court was clear that failure to meet any of

them does not preclude discovery. *Id*.

In this case, all four *Intel* factors weigh in favor of granting Section 1782

discovery.

***First***, discovery under Section 1782 is especially warranted where the respondent

is not a party in the foreign litigation, as evidence from nonparticipants might be "unobtainable absent § 1782 aid." *See Intel*, 542 U.S. at 264; *see also Metallgesellschaft*, 121 F.3d at 80 ("[T]hrough § 1782 Congress has seen fit to authorize discovery which, in some cases, would not be available in foreign jurisdictions, as a means of improving assistance by our courts to participants in international litigation").

ATK is not a party to the UAE litigation. Marzouqi Decl. ¶ 6. Moreover, the Abu Dhabi Labor Court does not provide effective procedures that would compel non-party discovery, requiring only limited discovery for the parties themselves, the scope of which is determined by what the parties volunteer to share. The Labor Court does not utilize non-party discovery, a process UAE courts usually reserve for extremely sensitive cases involving state security or state-owned assets. *Id.* Accordingly, the discovery sought here would not be available in the UAE proceedings. That aside, ATK's status as a nonparty alone constitutes sufficient grounds for satisfying the first *Intel* factor. *Intel*, 542 U.S. at 264; *In re Application Pursuant to 28 U.S.C. § 1782*, 249 F.R.D. 96, 103 (S.D.N.Y. 2008) (Courts should treat Section 1782 requests "permissively, especially where…the discovery is sought from a non-party to the foreign actions."); *see also In re Porsche Automobil Holding SE*, 2016 U.S. Dist. LEXIS 20012, at *22 (S.D.N.Y. Feb. 18, 2016) (first *Intel* factor weighted in favor of granting Section 1782 application where foreign court "cannot and, in any case, *would not* order the type (and scope) of evidentiary production sought") (emphasis added).

**Second**, it is almost certain that the Abu Dhabi Labor Court will accept evidence produced through discovery in the United States. Marzouqi Decl ¶ 6. The Second

Circuit has held that courts may consider whether the "nature, attitude and procedures" of the foreign tribunal indicate that it is receptive to Section 1782 evidence, even if it does not provide a process for similar discovery itself. *Mees*, 793 F.3d at 303n.20 (internal quotation marks omitted). Courts may also consider whether there is "authoritative proof" that the foreign tribunal would reject the Section 1782 evidence. *Metallgesellschaft*, 121 F.3d at 80. Where there is no evidence to the contrary, parties applying for Section 1782 discovery "enjoy a presumption in favor of foreign tribunal receptivity." *In re Application of Meydan Group LLC*, 2015 U.S. Dist. LEXIS 66883, at *11 (D.N.J. May 21, 2015).

There is every reason to believe that the Abu Dhabi Labor Court would accept evidence obtained through Section 1782 discovery in the United States, and certainly no "authoritative proof" that it would not. UAE law does not have any procedural bars on the submission or use of evidence obtained through foreign discovery proceedings as long as it is relevant to the domestic case. Marzouqi Decl ¶ 6. The only federal court to consider whether discovery otherwise available under Section 1782 would be available for use in the UAE found no indication that the UAE courts would not be receptive. *See Meydan*, 2015 U.S. Dist. LEXIS 66883, at *11.

**Third**, this application is not an attempt to "circumvent foreign proof-gathering restrictions" or other UAE or U.S. policies. It is a good faith effort to access probative evidence that is critical to BAH's defense in the UAE proceedings. Whether or not discovery would be available or admissible in the foreign proceedings is irrelevant to this analysis. *In re Elvis Presley Enters. LLC*, 2016 U.S. Dist. LEXIS 25136, at *13-14

(S.D.N.Y. Mar. 1, 2016) (lack of availability of discovery in foreign proceedings does not constitute evidence that a Section 1782 application circumvents foreign law). This is the case because "[a] foreign nation may limit discovery within its own domain for reasons peculiar to its own legal practices, culture, or traditions – reasons that do not necessarily signal objection to aid from United States federal courts." *Intel*, 542 U.S. at 261. "That a country does not enable broad discovery within a litigation does not mean that it has a policy that restricts parties from obtaining evidence through other lawful means." *Mees*, 793 F.3d at 303.

*Fourth*, the discovery sought by BAH is narrowly tailored and not unduly burdensome. The parties have conferred and agreed on both the terms of a Stipulation and Protective Order and the scope of an initial production, and have agreed to cooperate in good faith about what, if any, additional production they may agree to, and to seek guidance from the Court only if necessary following exhaustion of such meet-and-confer efforts.

**CONCLUSION**

For the foregoing reasons, BAH respectfully requests that the Court (i) enter the Stipulation and Protective Order executed by the parties that is attached to the Petition as Appendix A; and (ii) enter an order requiring ATK to produce its communication with the UAE Plaintiffs subject to the terms of said Stipulation and Protective Order. Following said production, the parties shall confer in good faith about what, if any, additional production pursuant to this application they will agree to and will seek guidance from the Court only if necessary following exhaustion of such meet-and-confer

efforts.


DATED: April 2, 2018

Respectfully submitted,


  /s/ Jyotin Hamid
Jyotin Hamid
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022
Tel: (212)909-1031
jhamid@debevoise.com

*Counsel to Petitioner*