UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____       │
│ DATE FILED: 4/3/18 •                 │
└─────────────────────────────────────┘
```

In re Application of BOOZ ALLEN
HAMILTON INC., for an Order Pursuant to
28 U.S.C. § 1782 to Conduct Discovery for
Use in a Foreign Proceeding,

                                    Petitioner,

          -against-

A.T. KEARNEY, INC.

                                    Respondent.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER  PKC

18 MC 124 (PKC)

WHEREAS, Petitioner has instituted the above-captioned proceeding (the "Action")

against Respondent pursuant to 28 U.S.C. § 1782 to obtain certain documents for use in actions

commenced by six individual former employees of Petitioner in an Abu Dhabi Labor Court in

the United Arab Emirates in which Petitioner is the defendant, Case Nos. 659/2017, 660/2017,

682/2017, 683/2017, 684/2017, 685/2017 (the "UAE Proceedings");

WHEREAS, Petitioner seeks certain documents from Respondent solely and exclusively

for use in the UAE Proceedings, and not for any other purpose;

WHEREAS, Respondent is not a party to the UAE Proceedings;

WHEREAS, Petitioner and Respondent are global business competitors;

WHEREAS, the parties to this Action recognize that the documents Petitioner seeks from

Respondent are highly sensitive and confidential;

WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists to issue a confidentiality order governing this Action;

IT IS HEREBY ORDERED that any person subject to this Order—including without

limitation the parties to this Action, their representatives, agents, experts and consultants

(whether in this Action or the UAE Proceedings), all third parties providing or reviewing documents produced by Respondent in this Action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1. This Order applies to all documents produced by Respondent in this Action, and the information contained therein, that Respondent designates as confidential under the criteria set forth below ("Confidential Produced Material").

2. A person subject to this Order who receives Confidential Produced Material shall not, directly or indirectly, (i) disclose Confidential Produced Material to anyone other than a Qualified Person (as defined below) or (ii) use Confidential Produced Material for any purpose other than in the UAE Proceedings.

3. Respondent may designate documents it produces in this Action as Confidential Produced Material if it maintains a good faith belief that it constitutes material that is not available to interested non-parties and constitutes:

     a. non-public financial information, the disclosure of which would create a risk of commercial, economic, or competitive harm;

     b. non-public business plans, strategies, or other sensitive business information, the disclosure of which to a business competitor would create a risk of commercial, economic, or competitive harm;

     c. non-public internal and external communications relating to its employee identification, recruitment and retention strategies, plans, practices, initiatives or endeavors;

     d. communications with recruiters and/or prospective employees (including those involved in the UAE Proceedings) regarding potential employment with Respondent (and/or its affiliates), including, but not limited to, potential hiring, recruiting, onboarding and terms and conditions of employment;

     e. information relating to its clients or other third parties;

     f. any other category of information given "Confidential" status by the Court.

4.    Respondent may designate Confidential Produced Material by stamping or otherwise

clearly marking as "Confidential" the protected document, or portion thereof, in a manner

that will not interfere with legibility.

5.    If, after producing material to Petitioner in this Action, Respondent realizes that some

portion(s) thereof previously produced without limitation should be designated as

Confidential Produced Material, the producing person may so designate by informing

Petitioner in writing, and the designated material will thereafter be treated as Confidential

Produced Material under the terms of this Order.

6.    No person subject to this Order, other than Respondent, shall disclose any of the

Confidential Produced Material to any other person, directly or indirectly, except to the

following Qualified Persons:

   a.    counsel retained for this Action and/or the UAE Proceedings, including
         any paralegal, clerical and other assistant employed by such counsel and
         assigned to this matter;

   b.    the author, addressee, and any other person indicated on the face of a
         document as having received a copy;

   c.    any fact or expert witness testifying in the UAE Proceedings (provided
         Petitioner take all reasonable steps, prior to such disclosure, to impose
         confidentiality obligations on such witness consistent with those set forth
         in this Order);

   d.    the six individual former employees of Petitioner who are parties in the
         UAE Proceedings as well as Petitioner's in-house counsel responsible for
         this matter and the UAE Proceedings; and

   e.    the Court and its support personnel, as well as the Abu Dhabi Labor Court
         and its support personnel.

7.    All Confidential Produced Material filed with this Court, and all portions of pleadings,

motions or other papers filed with the Court that disclose such Confidential Produced

Material, shall be filed under seal with the Clerk of the Court and kept under seal until

further order of the Court.  The party filing such a document shall move to seal the

information in accordance with rules of this Court.  Petitioner shall seek similar treatment

of any Confidential Produced Material filed with the Abu Dhabi Labor Court in

connection with the UAE Proceedings.

8.  Each person who has access to Confidential Produced Material shall take all due

precautions to prevent the unauthorized or inadvertent disclosure of such material.

9.  The inadvertent production of documents, electronically-stored information or other

information subject to a claim of attorney-client privilege or attorney work product

("Inadvertently Disclosed Information") is not a waiver or forfeiture of any claim of

privilege or work product protection with respect to the Inadvertently Disclosed

Information and its subject matter.  This Protective Order shall be interpreted to provide

the maximum protection allowed by Federal Rule of Evidence 502(d).

10.  When a producing party gives notice that Inadvertently Disclosed Information is subject

to a claim of privilege or other protection, the obligations of the receiving parties are

those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of

Evidence 502(d).

11.  Should a receiving party move the Court for an Order compelling production of the

Inadvertently Disclosed Information, the disclosing party retains the burden of

establishing the privileged or protected nature of any Inadvertently Disclosed

Information.  The receiving party shall treat Inadvertently Disclosed Information as

Confidential Produced Material pending a ruling from the Court.

12.  This Order shall survive the termination of this Action.  Within 30 days of the final

disposition of the UAE Proceedings, all Discovery Material designated as Confidential

Case 1:18-mc-00124-PKC   Document 1-1   Filed 04/02/18   Page 6 of 7

Produced Material, and all copies thereof, shall be returned to Respondent, or, with notice to Respondent, destroyed.  Notwithstanding this provision, no party will be under any obligation to return or destroy work product materials, including portions of Confidential Produced Material which has become work product.

13.   Nothing in this Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential Produced Material, or other modifications, subject to order by the Court.

14.   Petitioner affirms and agrees that any documents produced in this Action will be used only for purposes of the UAE Proceedings, and not for any other purpose.  Petitioner therefore, for itself and its successors, assigns, stockholders, members, officers, directors, parents, subsidiaries, affiliates and agents, hereby releases Respondent, its predecessors, successors, assigns, stockholders, officers, directors, parents, subsidiaries, affiliates, agents, employees, consultants, insurers, and attorneys from any and all rights, claims, actions, and demands of every kind and nature, in law, equity or otherwise, known and unknown, disclosed and undisclosed, suspected or unsuspected, including, without limitation, any claims for damages, actual and consequential, past, present, and future, which were asserted or could have been asserted by them based on, arising out of, or relate in any way to any documents or information produced by Respondent in this Action, in any and all jurisdictions both within the United States and globally, without exception.

15.   This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16. By signing this Stipulation and Order, the undersigned representatives of Booz Allen Hamilton, Inc. and A.T. Kearney, Inc. affirm and represent that each has actual authority to sign this Stipulation and Order and bind their respective employers, and each of their respective affiliates, to the terms set forth herein.

Dated: April 2, 2018
New York, New York

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By:_____
Rena Andoh
Christopher Collins
30 Rockefeller Plaza
New York, NY 10112

*Attorneys for A.T. Kearney, Inc.*

_____
**Randi Zeller, Esq.**
General Counsel & Corporate Secretary
A.T. Kearney, Inc.

**DEBEVOISE & PLIMPTON LLP**

By:_____
Jyotin Hamid
919 Third Avenue
New York, NY 10022

*Attorney for Booz Allen Hamilton, Inc.*

_____
**Nancy J. Laben, Esq.**
EVP, Chief Legal Officer and Secretary
Booz Allen Hamilton, Inc.

SO ORDERED on this 3rd day of
April 2018:

_____, USDJ
Hon.